IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>    Plaintiff,  )<br>)<br>    v.  )<br>)<br>BRENT L. SUTTORY,  )<br>)<br>    Defendant.  ) | No. 09-cr-30003 |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

    This matter is before the Court on Defendant Brent L. Suttory's pro se Motion to Modify Supervised Release (d/e 34) brought pursuant to 18 U.S.C. § 3583(e)(2). The Motion is DISMISSED for lack of jurisdiction and as premature. Defendant's challenges to alleged procedural defects in the imposition of his sentence cannot be brought pursuant to § 3583(e)(2). The Court dismisses Defendant's substantive challenges to his conditions of supervised release as premature with leave to refile six months prior to Defendant's release from prison.

# I. BACKGROUND

In April 2009, Defendant pleaded guilty to possession of child pornography, receipt of child pornography, and distribution of child pornography (Counts 1-3) and consented to forfeiture (Count 4). In November 2009, United States District Judge Jeanne E. Scott sentenced Defendant to 120 months' imprisonment on Count 1 and 180 months' imprisonment on each of Counts 2 and 3, all to run concurrently, and a lifetime term of supervised release. Judge Scott also imposed mandatory, standard, and special conditions of supervised release. Judgment (d/e 20). Defendant did not appeal. According to the Bureau of Prisons website, Defendant's release date is February 3, 2022. See https://www.bop.gov/inmateloc/ (last visited October 22, 2018).

On October 1, 2018, Defendant filed a Motion to Modify Supervised Release pursuant to 18 U.S.C. § 3583(e)(2). Defendant challenges procedural defects relating to the imposition of his sentence and substantive defects to the terms of supervised release.

Specifically, Defendant's procedural challenges include: (1) that Defendant did not receive advance notice of the supervised

release conditions; (2) that Judge Scott and Defendant's attorney failed to explain the standard conditions and most of the special conditions; (3) a challenge to the lifetime term of supervised release[1]; and (4) a challenge to Defendant's designation as a sexual predator without notice. Defendant also challenges several alleged substantive defects to the conditions of supervised release, including claims that the conditions are contrary to current law, are vague, or are overbroad.

The Government has filed a response objecting to any modification. The Government asserts that Defendant cannot challenge procedural defects by way of § 3583(e)(2) and that Defendant's substantive challenges to the conditions of supervised release are premature.

---

[1] The Government was unable to discern what Defendant was attempting to challenge with this claim and asserts that an undeveloped argument is waived. While Defendant's claim relating to his lifetime term of supervised release is not well developed, the Court interprets the claim as one challenging the duration of the term of supervised release, in light of the cases Defendant cites. See Def. Mot. at 5 (d/e 34).

## II. LEGAL STANDARD

Under § 3583(e)(2), a court may modify, reduce, or enlarge a condition of supervised release at any time prior to the expiration or termination of the term of supervised release:

> **Modification of conditions or revocation—**The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> * * *
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]

18 U.S.C. § 3582(e)(2); see also United States v. Neal, 810 F.3d 512, 516-17 (7th Cir. 2016).[2]

---

[2] The Court need not hold a hearing before ruling on Defendant's motion. A hearing is required before the Court modifies the conditions of supervised release, and the Court is not modifying any conditions of supervised release at this time. See Fed.R.Crim.P. 32.1(c)(1) (providing that the court must hold a hearing before modifying any conditions of supervised release unless (A) the person waives the hearing or (B) the relief sought is favorable and does not extend the term of supervised release and the attorney for the government does not object).

## III. ANALYSIS

Defendant challenges, pursuant to 18 U.S.C. § 3583(e)(2), alleged procedural defects in the imposition of his sentence and the substance of several of his conditions of supervised release.

A defendant may bring a substantive challenge to the legality of conditions of supervised release at any time prior to termination or expiration of the term of supervised release pursuant to § 3583(e)(2). See Neal, 810 F 3d at 518. A defendant may not, however, use § 3583(e)(2) to "argue that a facially valid condition of supervised release must be rescinded because of a misstep in the manner in which it was imposed long ago." Id. at 520. **For example**, **a** defendant cannot use § 3583(e)(2) to argue that a condition was not adequately explained, a condition was not adequately linked to the offense of conviction, or that the information from the original sentencing did not provide sufficient support for the condition. Id. Those types of "procedural shortcomings must be raised at the first opportunity or not at all." Id.

In this case, Defendant's challenges to alleged procedural defects are not properly brought under § 3583(e)(2). Defendant's claims that he did not receive notice of the conditions, that the

conditions and sex offender designation were not adequately explained, and his complaint regarding the duration of his term of supervised release are the types of claims that must be brought on direct appeal or in a collateral attack. <u>See</u>, <u>e.g.</u>, <u>Neal</u>, 810 F. 3d at 520. Section 3583(e)(2) does not provide a basis for Defendant's challenge to these alleged procedural defects.

    Section 3583(e)(2) is, however, the proper vehicle for Defendant to raise substantive challenges to the conditions of supervised release. Nonetheless, the fact that a court may modify conditions of supervised release at any time does not mean that the court must do so whenever a request is made. <u>United States v. Williams</u>, 840 F.3d 865, 865 (7th Cir. 2016) (affirming district court's determination that a request to modify supervised release conditions made 14 years before the defendant's release from prison was premature).

    Defendant is not scheduled for release until February 2022. The governing law may change before then and it would be more efficient for Defendant to make all potential arguments at one time. Therefore, the Court dismisses without prejudice Defendant's request to modify his conditions of supervised release with leave to

refile a motion raising all of his substantive challenges to the supervised release conditions six months prior to his release from prison.  See United States v. Siegel, 753 F.3d 705, 717 (7th Cir. 2014) (identifying as one of five "best practices" that the court require a defendant attend a brief hearing on the eve of his release from prison to be reminded of the conditions of supervised release, at which time the court can also consider whether to modify the conditions of supervised release).  This procedure will conserve judicial resources and avoid piecemeal litigation of the issues pertaining to Defendant's supervised release conditions.  See United States v. Hayes, No. 95-cr-135, 2016 WL 1301154, at *3 (E.D. Wis. March 31, 2016) (dismissing motion to modify filed three years before release as premature with leave to file three months prior to release), aff'd 672 F. App'x 589 (7th Cir. 2016).

One final note.  While the Court believes the above recitation addresses all of Defendant's claims, the Court notes that Defendant cites to United States v. Lewis, 823 F.3d 1075, 1080 (7th Cir 2016), for the proposition that he can challenge the duration of his term of supervised release at any time under § 3583(e)(2).  Def. Mot. at 5 (also citing United States v. Asalati,

615 F.3d 1001, 1009 (8th Cir. 2010), holding that a court has the discretion to reduce the term of the defendant's supervised release under § 3583(e)(2)). In <u>Lewis</u>, the Seventh Circuit noted:

> Conditions of supervised release announced at the beginning of a prison sentence will not take effect until the end of the prison sentence, often many years later. In addition, a defendant's supervised release may take place in a district other than the sentencing court. Unlike other sentence terms, therefore, the duration and conditions of supervised release may be modified by a court "at any time prior to the expiration or termination of the term." § 3583(e).

<u>Lewis</u>, 823 F.3d at 1080.

This reference by the <u>Lewis</u> court could be an acknowledgement that § 3583(e)(1) allows a court to terminate a term of supervised release any time after the expiration of one year "if such action is warranted by the conduct of the defendant released and the interest of justice." That provision does not apply here because Defendant has not completed one year of supervised release. In contrast, § 3583(e)(2) appears limited to reducing and modifying <u>conditions</u> of supervised release. 18 U.S.C. § 3583(e)(1) (providing that a court can "modify, reduce, or enlarge the conditions of supervised release"); <u>see also</u> <u>United States v. Sluss</u>, No. ELH-11-0236, 2015 WL 6000553, at *2 (D. Md. Aug. 12, 2010)

(interpreting § 3583(e)(2) as applying only to the conditions of supervised release and not to the duration of supervised release).

Nonetheless, even if this Court has the discretion under § 3583(e)(2) to reduce Defendant's lifetime term of supervised release, the Court declines to do so because Defendant's request is premature, as Defendant has not even begun his term of supervised release and will not be released from prison until February 2022.  See, e.g., id. (noting that, even if the court had the authority to reduce the defendant's term of supervised release, the request was premature because defendant was still serving a long imprisonment term).

## IV. CONCLUSION

For the reasons stated, Defendant's Motion is DISMISSED for lack of jurisdiction and as premature.  Defendant's challenges to alleged procedural defects in the imposition of his sentence cannot be brought pursuant to § 3583(e)(2).  The Court dismisses Defendant's substantive challenges to his conditions of supervised release as premature with leave to refile six months prior to Defendant's release from prison.

ENTERED: October 22, 2018

FOR THE COURT:

    *s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE